IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

May 2, 2011

RE: CLAYTON AYERS, III   VS.  JOHN MURRAY, ETAL
    CA No. 11-2396

## NOTICE

Enclosed herewith please find a copy of the Report and Recommendation filed by United States Magistrate Judge Restrepo, on this date in the above captioned matter. You are hereby notified that within fourteen (14) days from the date of service of this Notice of the filing of the Report and Recommendation of the United States Magistrate Judge, any party may file (in duplicate) with the clerk and serve upon all other parties written objections thereto (See Local Civil Rule 72.1 IV (b)). **Failure of a party to file timely objections to the Report & Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court Judge.**

In accordance with 28 U.S.C. §636(b)(1)(B), the judge to whom the case is assigned will make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The judge may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence or recommit the matter to the magistrate judge with instructions.

Where the magistrate judge has been appointed as special master under F.R.Civ.P 53, the procedure under that rule shall be followed.

MICHAEL E. KUNZ
Clerk of Court

By: LINDA V. JERRY, Deputy Clerk

cc: Ayers
    warden
    da of chester
    atty gen of pa
    Courtroom Deputy to Judge Joyner

civ623.frm
(11/07)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CLAYTON AYERS, III : CIVIL ACTION

v. :

JOHN MURRAY, et al. : NO. 11-2396

## REPORT AND RECOMMENDATION

L. FELIPE RESTREPO                                              APRIL 28, 2011
UNITED STATES MAGISTRATE JUDGE

Before the Court is a Petition for Writ of Habeas Corpus filed by Clayton Ayers, III pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated at the State Correctional Institution in Camp Hill, Pennsylvania ("SCI-Camp Hill"). For the reasons which follow, the habeas petition should be dismissed as time-barred.

### PROCEDURAL HISTORY

On May 2, 2008, petitioner pled guilty in the Court of Common Pleas of Chester County to four counts of possession of a controlled substance with intent to deliver ("PWID"), see 35 P.S. § 780-113(a)(3), and one count of driving under the influence - highest rate of alcohol ("DUI"), second offense, see 75 Pa. C.S.A. § 3802(c). See Tr. Plea and Sentencing Hrg. 5/2/08, at 8-10; see also Commonwealth v. Ayers, No. 1597 EDA 2008, Mem. Op. at 1-3 (Pa. Super. June 17, 2009); Chester County Common Pleas Ct. Crim. Dckt. CP-15-CR-0004022-2007 (hereinafter cited as "Common Pleas Ct. Crim. Dckt."), at 8; Hab. Pet. at 4.[1] Petitioner was

---

1. Although the transcript of the plea and sentencing hearing attached to the habeas petition appears to be mistakenly dated May 2, 2007, the Superior Court's June 17, 2009 decision, the

sentenced to an aggregate term of six to fifteen (6-15) years in prison. See Pa. Super. Ct. Op. filed 6/17/09, at 1.

In June 2008, petitioner filed a Notice of Appeal in the Superior Court of Pennsylvania, see Pa. Super. Ct. Crim. Dckt. No. 1597 EDA 2008 (hereinafter cited as "Pa. Super. Ct. Crim. Dckt."), at 2, and the Superior Court affirmed the judgment of sentence on June 17, 2009. See Pa. Super. Ct. Op. filed 6/17/09, at 5; Pa. Super. Ct. Crim. Dckt. at 2; Common Pleas Ct. Crim. Dckt. at 12; Hab. Pet. at 5. Petitioner acknowledges and the Pennsylvania criminal docket reflects that he did not seek allowance of appeal from the Supreme Court of Pennsylvania, and he did not pursue state collateral relief. See Hab. Pet. at 5 ¶ 9(e), ¶ 10.

The Clerk of Court received Ayers' federal habeas petition on April 6, 2011. See Hab. Pet. (Doc. 1) at 1. The petition challenges Ayers' sentence and also alleges ineffective assistance of trial counsel and appellate counsel at sentencing and on direct appeal. Id. ¶ 12.

## DISCUSSION

Section 101 of the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), amended 28 U.S.C. § 2244 to impose a one-year period of limitation on applications for writs of habeas corpus by persons in state custody. See 28 U.S.C. § 2244(d)(1). Pursuant to AEDPA, the limitation period begins to run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created

---

Common Pleas Court criminal docket, and the habeas petition confirm that petitioner pled guilty and was sentenced on May 2, 2008.

> by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. Here, in that the statutory exceptions to the general rule do not apply, see § 2244(d)(1)(B)-(C), the one-year period of limitation began to run when the judgment of conviction became final. Id. § 2244(d)(1)(A).

In that the Superior Court of Pennsylvania affirmed the judgment of sentence on June 17, 2009, the judgment became final in this case on July 17, 2009, when the time for seeking allowance of appeal in Pennsylvania's Supreme Court expired. See Pa. R. App. P. 1113(a) (must file petition for allowance of appeal within 30 days). Therefore, petitioner had one year after that date, see Sweger v. Chesney, 294 F.3d 506, 513 (3d Cir. 2002), cert. denied, 123 S. Ct. 1902 (2003), plus any time during which the period of limitation was tolled, to file a § 2254 petition. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Swartz v. Meyers, 204 F.3d 417, 419-20 (3d Cir. 2000); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

The Third Circuit has held that "[t]he statute of limitations for federal habeas corpus petitions is subject to two tolling exceptions: (1) statutory tolling during the time a 'properly filed' application for state post-conviction review is pending in state court and (2) equitable tolling, a judicially crafted exception." Merritt, 326 F.3d at 161 (citing Jones v. Morton, 195

3

F.3d 153, 158 (3d Cir. 1999)). With respect to statutory tolling, § 2244(d)(2) provides in relevant part that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

In this case, since petitioner did not file a petition under Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. C.S. §§ 9541-46, following his direct appeal, statutory tolling of the limitations period is not applicable. Ayers did not file his § 2254 petition until, at the earliest, February 24, 2011,[2] more than a year and a half after the judgment of conviction became final, and **more than seven months after** the period of limitation *expired*. Since he failed to file his § 2254 petition within AEDPA's limitation period, absent equitable tolling, the habeas petition was not timely filed. See Miller, 145 F.3d at 617-18; Burns, 134 F.3d at 111.

The Supreme Court has held that the federal habeas statute of limitations is subject to equitable tolling in only extraordinary circumstances. See Holland v. Florida, 130 S. Ct. 2549, 2562 (2010); see also Miller, 145 F.3d at 618. In particular, a petitioner "'is entitled to equitable tolling' **only** if he shows '(1) that he has been pursuing his rights **diligently**, and (2) that some **extraordinary circumstance** stood in his way' and **prevented** timely filing." Holland, 130 S. Ct. at 2562 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (emphases added); see also Lawrence v. Florida, 127 S. Ct. 327, 1085 (2007) (quoting Pace, 125 S. Ct. at 1814) (observing that a litigant seeking equitable tolling bears the burden of establishing "that he has been

---

2. In Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998), the Court of Appeals for the Third Circuit held that a pro se prisoner's federal habeas petition is deemed "filed" at the moment he delivers it to prison officials for mailing to the district court. Here, Ayers signed his petition on Feb. 24, 2011. See Hab. Pet. at 11. Therefore, he could not have delivered the petition any earlier than that date.

4

pursuing his rights diligently" **and** that "some extraordinary circumstance stood in his way") (emphasis added); Merritt, 326 F.3d at 168 (citing Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001)). "The law is clear that courts must be **sparing** in their use of equitable tolling." See Jones, 195 F.3d at 159 (quoting Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999)) (emphasis added).

In this case, petitioner fails to allege circumstances which would warrant invoking the sparing doctrine of equitable tolling. It is noted that lack of understanding or knowledge of the law is not an appropriate basis to invoke equitable tolling, see Jones, 195 F.3d at 160; School Dist. of Allentown v. Marshall, 657 F.2d 16, 21 (3d Cir. 1981) ("[i]gnorance of the law is not enough to invoke equitable tolling"), and "[m]ere excusable neglect is [also] not sufficient," see Miller, 145 F.3d at 618-19.

Petitioner does not allege circumstances which **prevented** him in some **extraordinary** way from filing a timely federal habeas petition. See Lee v. United States, 2005 WL 1949441, *5 (E.D. Pa. 2005) (citing United States v. Bruce, 2002 WL 31757938, *1 (D. Del. Nov. 26, 2002)) ("A statute of limitations should only be tolled in rare situations."); United States v. Ramsey, 1999 WL 718079, *2 (E.D. Pa. Aug. 26, 1999); see also Davis v. Artuz, 2001 WL 199454, *3 (S.D. N.Y. Feb. 28, 2001) ("the petitioner must show that circumstances actually impeded the ability to file a timely petition"). Moreover, **even if** he had alleged extraordinary circumstances preventing him from asserting his rights, he fails to allege circumstances indicating that he exercised **reasonable diligence**. See, e.g., Pace, 125 S. Ct. at 1815; Schlueter, 384 F.3d at 78. He has not alleged facts sufficient to show that "the 'sparing' doctrine of equitable tolling" should be invoked in this case. See Robinson v. Johnson, 313 F.3d 128, 143

5

(3d Cir. 2002) (quoting Jones, 195 F.3d at 159), cert. denied, 540 U.S. 826 (2003); see also Brown, 322 F.3d at 774. Accordingly, since Ayers failed to file his § 2254 petition within the one-year period of limitation, this petition is time-barred.[3] See Brown, 322 F.3d at 776; Miller, 145 F.3d at 617-18; Burns, 134 F.3d at 111.

Rule 4 of the Rules Governing Section 2254 Cases provides: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See 28 U.S.C. foll. § 2254, Rule 4. Here, for the foregoing reasons, it plainly appears that Ayers is not entitled to habeas relief. Therefore, the petition should be dismissed.[4]

---

3. Even assuming that the sentencing claims raised in this petition are cognizable under § 2254 and may be construed as alleging violations of the "Constitution or laws or treaties of the United States," see § 2254(a); see also Coleman v. Folino, 2010 WL 2683151, *9 (W.D. Pa. June 1, 2010) ("Generally, sentencing is a matter of state criminal procedure and does not fall within the purview of federal habeas corpus"), adopted by, 2010 WL 2653351 (W.D. July 2, 2010); DeSavage v. Lawler, 2010 WL 411754, *10 (W.D. Pa. Jan. 28, 2010) (same), and that they were fairly presented to the Pennsylvania courts as such, see Pa. Super. Ct. Op. filed 6/17/09, at 4 ("Herein, [petitioner] challenges the discretionary aspects of his sentence."), it appears that petitioner's claims are procedurally defaulted in the Pennsylvania courts. In affirming the judgment of sentence on petitioner's direct appeal, the Superior Court of Pennsylvania found that petitioner's sentencing claims were **waived** under Pennsylvania law. See Pa. Super. Ct. Op. filed 6/17/09, at 5. Furthermore, to the extent that he alleges ineffective assistance of trial and appellate counsel at sentencing and on direct appeal, it appears that those claims have been procedurally defaulted in the Pennsylvania courts in light of the PCRA time requirements. See 42 Pa. C.S.A. § 9545(b)(1) ("Any petition under this subchapter, . . . shall be filed within one year of the date the judgment becomes final. . . ."). In any event, as explained, petitioner's federal habeas petition is time-barred.

4. The Supreme Court has held that district courts may consider, sua sponte, the timeliness of a state prisoner's habeas petition. See Day v. McDonough, 126 S. Ct. 1675, 1684 (2006); see also Long v. Wilson, 393 F.3d 390, 403 (3d Cir. 2004) ("a federal magistrate judge may raise the AEDPA statute of limitations issue [sua sponte] in a Report and Recommendation ('R&R')") (parenthetical added); see, e.g., Mulero v. Folino, 2008 WL 2704545, *1, *5 n.10 (July 8, 2010) (dismissing habeas petition as untimely and adopting R&R which raised the timeliness issue sua sponte); Minner v. Tennis, 2007 WL 2892013, *1 (E.D. Pa. Oct. 2, 2007) (dismissing § 2254

6

When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability ("COA") may not issue unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; **and** (2) whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 123 S. Ct. 1029, 1046 (2003) (Scalia, J., concurring).

"Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack, 529 U.S. at 484. Here, for the reasons set forth above and in light of the aforementioned decisions invoking AEDPA's period of limitation as a procedural bar, a reasonable jurist could not conclude that the Court would be incorrect in dismissing the petition as time-barred. See Slack, 529 U.S. at 484. Accordingly, a COA should not issue.

---

petition as time-barred and adopting R&R raising the statute of limitations issue sua sponte); Hernandez v. Folino, 2006 WL 2136084, *3 n.2 (E.D. Pa. July 27, 2006) (citing Day, 126 S. Ct. at 1684) (same); Camilo v. Klem, 2006 WL 1687186, *2 (E.D. Pa. June 15, 2006) (same); Cluck v. Shannon, 2006 WL 1648947, *2 (E.D. Pa. June 8, 2006) (same). It is further observed that the pre-printed habeas form which petitioner completed provided clear notice of the one-year period of limitation, see Hab. Pet. at 1-2 ¶ 2, and of course, as with the cases cited above, this R&R provides petitioner with further notice of the applicability of the timeliness issue, and he has a reasonable opportunity to oppose the dismissal of his habeas petition through the filing of timely objections. See Pabon v. Mahoney, 2008 WL 249845, *4 n.7 (E.D. Pa. Jan. 30, 2008) (dismissing as untimely § 2254 petition pursuant to Rule 4); Cooper v. Pa. Att'y Gen., 2007 WL 2492726, *2 n.3 (W.D. Pa. Aug. 30, 2007) (citing circuit court cases) ("To the extent that Petitioner is entitled to notice and an opportunity to respond to the statute of limitations bar . . ., the [R&R] procedure with its opportunity to file objections provides such notice and opportunity to be heard."); see, e.g., Knecht v. Shannon, 132 Fed. Appx. 407, 408 (3d Cir. May 25, 2005) (affirming dismissal of habeas petition as untimely where U.S. Magistrate Judge raised timeliness issue sua sponte in R&R adopted by the District Judge).

# RECOMMENDATION

AND NOW, this 28th day of April, 2011, upon consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, it is hereby **RECOMMENDED** that the habeas petition be **DISMISSED** as time-barred and that a certificate of appealability should not issue.[5]

_L. Felipe Restrepo_
L. FELIPE RESTREPO
UNITED STATES MAGISTRATE JUDGE

---

5. Petitioner is advised that he may file objections to this Report and Recommendation. See Local R. Civ. P. 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CLAYTON AYERS, III | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| JOHN MURRAY, et al. | : | NO. 11-2396 |

## ORDER

AND NOW, this        day of                    , 2011, upon consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, and after review of the Report and Recommendation of United States Magistrate Judge L. Felipe Restrepo, it is hereby ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED;

2. The Petition for Writ of Habeas Corpus is DISMISSED as time-barred;

3. A certificate of appealability should not issue since, for the reasons set forth in the Report and Recommendation, petitioner has failed to show that a reasonable jurist could conclude that the Court is incorrect in dismissing the petition as time-barred.

BY THE COURT:

_____
J. CURTIS JOYNER, J.